UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBYN JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-504** |
| **CITY OF NEW ORLEANS HEALTH DEPARTMENT** | **SECTION: M (1)** |

### REPORT AND RECOMMENDATION

*Pro se* Plaintiff Robyn Joseph ("Plaintiff") filed the above-captioned matter in this Court in which she asserts claims for employment discrimination under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 against the City of New Orleans Health Department. Plaintiff's Complaint, however, is devoid of any factual allegations sufficient to put the Defendant on notice of the claims against it. Because Plaintiff has failed to state a claim, it is RECOMMENDED that this lawsuit be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

#### BACKGROUND

Plaintiff filed this lawsuit on March 13, 2025. The Court granted Plaintiff's motion to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a), but ordered that summons be withheld and that Plaintiff show cause in writing by May 7, 2025, as to why this lawsuit should not be summarily dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As of today's date, more than 21 days after the ordered deadline, Plaintiff has not responded to the Court's order.

#### LAW AND ANALYSIS

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees when it is apparent that the claims do not lack merit on their face. *See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see*

1

*also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.  Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  A claim is "frivolous" where it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curium) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact when 'the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.'" *Id.* (quoting *Harris*, 198 F.3d at 156).

"To determine if a complaint fails to state a claim" under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard "applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.*  In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a

claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Here, Plaintiff alleges that she worked for Defendant at the Health Care for the Houseless, and that Defendant discriminated against her by: failing to accommodate for her disability, providing unequal terms and conditions of her employment, retaliation, and harassment—all in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. In the fact section of her Complaint, Plaintiff alleges that directors "forced [her] to disclose sexual violence experience in the workplace." She further indicates that one director "mandated" that she "violate federal law and give [her] access" to another employee, "with full disclosure of disability after [she] stated no." Plaintiff then generally writes: "refusal to reasonably accommodate . . . revocation of reasonable accommodation, ostracized, benefits revoked." Plaintiff attaches a December 13, 2024 response from a Freedom of Information Act (FOIA) request from the United States Equal Employment Opportunity Commission (EEOC), which attaches the EEOC's determination and notice of rights letter issued on December 3, 2024. The EEOC's determination letter indicates that, "[t]he EEOC will not proceed further with its investigation," and that such determination "does not mean the claims have no merit." Plaintiff does not attach a copy of the charge she filed with the EEOC.

The present Complaint is completely devoid of any factual allegations from which the Court can evaluate the plausibility of Plaintiff's Title VII or ADA claims. Under Title VII of the Civil Rights Act of 1964, it is an "unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a). Plaintiff alleges that she was discriminated against based on her race, color, gender/sex, and religion. But Plaintiff fails to identify her race, color, or religion. As to her gender/sex, Plaintiff fails to indicate *how* her employer discriminated against her based on her gender/sex. As to Plaintiff's ADA claim, while Plaintiff alleges that her rights under the ADA have been violated, she does not indicate how. Specifically, Plaintiff does not indicate what disability she has nor what accommodations her employer failed to provide. In short, more facts are needed in order for Defendant to have sufficient notice of the claims against it, but Plaintiff failed to provide any further facts. Therefore, Plaintiff fails to state a claim to relief that is plausible on its face.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff Robyn Joseph has failed to state a claim. Accordingly, IT IS RECOMMENDED that this lawsuit be DISMISSED for failure to state a claim.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 30th day of May, 2025.

                                            Janis van Meerveld
                                        United States Magistrate Judge